**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROMEO ANTONIO LAZO-RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-72763 <br><br> Agency No. A098-283-894 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2016[**]

Before:  BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Romeo Antonio Lazo-Rodriguez, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen removal proceedings.  We have jurisdiction under 8 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion in denying Lazo-Rodriguez's motion to reopen as untimely, where he filed the motion more than six years after his final order of removal. *See* 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must generally be filed within 90 days of a final administrative order of removal). Lazo-Rodriguez failed to demonstrate changed conditions in El Salvador to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi*, 597 F.3d at 989-90 (evidence must be "qualitatively different" to warrant reopening), and failed to show the due diligence required for equitable tolling of the filing deadline, *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

The BIA applied the appropriate legal standards in its diligence determination, and provided a reasoned explanation for denying the motion to reopen. *See Avagyan*, 646 F.3d at 679-80; *Najmabadi*, 597 F.3d at 990 ("What is required is merely that [the BIA] consider the issues raised, and announce its

decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation and quotation marks omitted)).

In light of this disposition, we do not reach Lazo-Rodriguez's remaining contentions regarding ineffective assistance of his prior counsel.

**PETITION FOR REVIEW DENIED.**